Verrier *versus* Guillou, Executor, &c.

97
21 SC 2 $\overline{63}$
95

1. The receipt of an account by a debtor without objection makes it prima facie evidence of the claim, but it does not, without more, estop the debtor from pleading the Statute of Limitations.

2. A., on August 6th 1868, agreed in writing to pay B. a sum of money in August 1870; immediately afterwards A. presented to B. an account of moneys previously advanced by him to B., or to B.'s use. On February 2d 1869, A. wrote to B., in answer to a letter received from him, stating that he preferred to give no reply, and that he placed his papers in the hands of counsel; also calling B.'s attention to the fact that he seemed to have forgotten that A. had paid him certain amounts. In August 1870 B.'s counsel wrote to A.'s counsel, demanding payment of the full sum due from A. to B. by the terms of the agreement in writing. A.'s counsel answered that A. would pay the amount, less the sums paid by A. to and for B., as appeared by the account theretofore furnished. B.'s counsel replied, declining the offer. In an action brought on March 6th 1875, by B. against A., to recover the amount due on the instrument in writing: *Held*, that the rendering of the account by A. to B. had not prevented the Statute of Limitations from running against the same, and that therefore A. could not set up the amount due on the account as a set-off to B.'s claim. *Held, further*, that there was nothing in A.'s letter to B., or B.'s silence after its reception, which would estop B. from setting up the bar of the Statute of Limitations to A.'s claim of set off. *Held, further*, that there was nothing in the correspondence between B.'s counsel and A.'s counsel which suspended B.'s right of action, or amounted to a promise by B. to pay the account, or constituted an agreement by him that it should apply as payment on the contract, so as to bar the running of the Statute of Limitations thereon, and enable A. to take advantage of the same as a set off.

January 10th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 1, of *Philadelphia county*: Of January Term 1880, No. 250.

Assumpsit, brought March 6th 1875, by Edmond V. Verrier against Victor Guillou, executor of Florencio J. Verrier, deceased, upon the following instrument (the original of which was in Spanish):

"This is to certify that Don Florencio J. Verrier and Edmond of the same surname, have agreed upon the following: That according to an instrument of writing legally executed this day, the former binds himself to pay to the latter his lawful patrimony derived from his father and mother, which both parties have mutually fixed at the sum of sixteen thousand dollars, or thirty-two thousand escudos; but inasmuch as a different amount is found in the testamentary settlement of their parents' estates, they, by special agreement have fixed it at the above-named sum, and Don Edmond agrees to receive the sum of sixteen thousand dollars as follows: Ten thousand dollars, or twenty thousand escudos, which he admits having received in cash in current money to his entire satisfaction, setting aside all legal forms in the matter. The bal-

[Verrier *v.* Guillou.]

ance of six thousand dollars or twelve thousand escudos, Don Edmond is to receive in August 1870. Don Florencio binds himself by this agreement, and promises to pay the above-named sum of six thousand dollars or twelve thousand escudos to his brother Edmond in August 1870, in the city of Philadelphia, and in conformity herewith they sign two instruments of the same tenor in the city of Matanzas, the sixth day of August 1868. *Nota*, it is understood that Don Florencio will pay the above-named six thousand dollars in gold or silver or its equivalent in paper money on the date as above. 　　　　　　FLORENCIO J. VERRIER."

The plaintiff claimed to recover $9163.82, in gold, being the sum of $6000 due by the above contract in August 1870, with interest thereon.

The defendant pleaded non assumpsit, payment with leave, set off; and a special plea of set off, averring that the plaintiff was indebted to the defendant's testator in a large sum (the items of which were set forth in the plea) for moneys paid to the plaintiff's use at various dates from May 21st 1863, to August 12th 1868.

The sums, with the exception of the last (August 12th 1868, $537.70), were paid before the date of the contract sued upon, and all were paid more than six years before this suit was brought.

The plaintiff replied *non solvit*, no set off and issue; and to the special plea of set off the plaintiff set up the Statute of Limitations.

On the trial, before ALLISON, P. J., the plaintiff gave in evidence the instrument sued on, and rested. The defendant gave in evidence an account rendered by decedent to plaintiff August 1st 1868, of which the following is an abstract, giving dates and amounts:

EDMUND V. VERRIER to F. J. VERRIER, Dr.

| 1863. | May 21st, Paid, | | $12.00 |
|---|---|---|---|
| 1864. | July— " | | 61.00 |
| " | " Use of oxen and carts, | | 52.50 |
| 1867. | May 7th, Paid, | | 5.61 |
| " | Aug. 26th, " | | 56.00 |
| " | Sept. 9th, Check No. 5, $600, his one-half, trip to Philadelphia, | | 300.00 |
| " | Oct. 23d, Remitted, | | 180.00 |
| " | " 25th, Check No. 8, | | 680.00 |
| " | Nov. 30th, Paid, | | 8.20 |
| " | Dec. 6th, Check No. 14, $1029.06, testamentary expenses, his one-ninth, | | 114.34 |
| " | " 14th, Paid, | | 32.10 |

[Verrier *v.* Guillou.]

| 1868. | Jan. 20th, Check, . . . . . | 208.67 |
| " | Feb. 27th, Check No. 18, $1108.30, testamentary expenses, his one-ninth, | 123.14 |
| " | July 22d, Paid legal services, his one-ninth, . | 56.66 |
| " | Aug. 5th, Total of testamentary expenses, $6655.50, F. paid one-half ($3327.75) his one-ninth, . | 369.75 |
| " | " 8th, Check No. 5, bills paid for his account, as per his account, . . | 537.70 |
| | | $3,697.67 |

The defendant gave in evidence the following letter:

Philadelphia, February 2d 1869.

Mr. E. VERRIER, Philadelphia.

Your letter of the 28th ult. is so characteristic that I prefer giving it no reply. I place all the papers in the hands of Mr. Guillou, who will see Mr. Biddle.

| It would seem that you have forgotten that on September 9th 1867, I paid you . . . . . . | $600.00 |
| Oct. 28th 1867, . . . . . . | 680.00 |
| Aug. 5th 1868, your share of testamentary expenses, as per receipt of Esunbanio Pomental, | 494.00 |
| And on August 12th 1868, for your various bills &c., of Antonia's ($56), . . . | 521.00 |
| Total, . . . . . . | $2295.00 |

Yours, &c.,

FLORENCIO J. VERRIER.

The defendant also gave in evidence certain correspondence between counsel, of which the following is an abstract:

1. October 18th 1870. Chapman Biddle, Esq., attorney for Edmond V. Verrier, to C. Guillou, Esq., attorney for F. J. Verrier, demanding payment of the $6000 in gold, due August 1st 1870, with interest.

2. October 19th 1870. Mr. Guillou to Mr. Biddle, requesting to be informed of nature and ground of claim.

3. October 19th 1870. Mr. Biddle to Mr. Guillou. "The claim of Mr. Edmond V. Verrier is for the balance of the purchase-money due him for his share of Sta. Victoria, and for which Mr. F. J. Verrier gave his bond."

4. October 20th 1870. Mr. Guillou to Mr. Biddle. Offers on behalf of F. J. Verrier to pay the balance of the purchase-money, $6000, upon " reduction being made therefrom of the various sums

1 OUTERBRIDGE—5

paid by Florencio to and for Edmond at the latter's request, of which statements have heretofore been furnished him."

5. October 21st 1870.   Mr. Biddle to Mr. Guillou.   Declines offer.

The judge instructed the jury to find for the plaintiff, reserving the point whether upon the evidence, the defendant was entitled in point of law to the set off claimed by him.

Verdict for the plaintiff accordingly, for $9163.92, subject to the point reserved.   The court, subsequently, in an opinion by ALLISON, P. J., entered judgment on the point reserved in favor of the plaintiff, for $6013.98.   This sum was arrived at on the following basis : The items in the account pleaded as set off were allowed, so far only as corroborated by the corresponding items in the letter of February 2d 1869, from F. J. Verrier to the plaintiff, together with interest on said items from their respective dates to August 31st 1870, when the sum agreed on in the contract became due. This sum was deducted, as a set off, from the $6000 due by the contract, and interest was allowed on the balance to the date of entering judgment.

The plaintiff took this writ of error, assigning for error (1, 2, 3), that the court erred in entering judgment on the point reserved, when the record does not show a special verdict finding the facts, or case stated, nor what question of law was reserved ; (4 to 7), that the court erred in deciding, that the alleged payments by decedent in his lifetime, to the plaintiff, could be set off ; that plaintiff is estopped from setting up the bar of the Statute of Limitations against defendant's claim of set-off ; and in entering judgment for $6013.98.

*J. Percy Keating* and *John Samuel,* for the plaintiff in error.— The court erred in reserving a question of law, when there was no special verdict, or case stated, finding the facts.   Nor does the record show what the reserved question of law was.

[SHARSWOOD, C. J.—Was any exception taken below to such action of the court ?]

No ; but it has been repeatedly ruled by this court, that this practice presents nothing for adjudication and is erroneous.   This court has reversed for this reason alone, although agreeing in opinion with the court below : Ferguson *v.* Wright, 11 P. F. Smith 258 ; Miller *v.* Bedford, 5 Norris 457 ; Clark *v.* Wilder, 1 Casey 314 ; Irwin *v.* Wickersham, Id. 316 ; Wilson *v.* Tuscarora, Id. 317.

The doctrine of equitable estoppel *in pais* has no application to this case.   The court below held, that the plaintiff's silence after receiving the account of August 12th 1868, and the letter of February 2d 1869, estopped him from denying the payments on account of the contract sued on.   That there was no positive evidence of denial by plaintiff is, because he was not a competent

[Verrier *v.* Guillou.]

witness to testify to such denial. But the letter of February 2d 1869, contains evidence in itself, that the account had been objected to by the plaintiff. Florencio says, in reply to a letter from plaintiff, which evidently did not admit the set off, " It would seem that you have forgotten that I paid you " various sums, &c. Moreover the conflicting state of the credits in the letter and in the account, make it impossible to ascertain any definite sum as the " balance struck " on an account stated.

Further, in October 1870, plaintiff's counsel demanded the full amount of the bond. The plaintiff neither said nor did anything, nor admitted anything, which induced Florencio to act on the supposition that the alleged payments were admitted as credits on the bond; and Florencio did not in any way alter his position by reason thereof.

But even if the account or letter be treated as an account stated, it was so stated more than six years prior to the bringing of this suit. The plaintiff made no acknowledgment which would give Florencio the right to sue on an implied promise arising out of the account stated, after the expiration of six years. At the expiration of this period he is equally prevented from setting up the payments as a set-off.

The instrument sued on recites that " both parties have mutually fixed the plaintiff's interest at the sum of $16,000, but inasmuch as a different amount is found in the testamentary settlement of their parents' estates, they by special agreement have fixed it at the above-named sum." This instrument was therefore in the nature of a compromise, fixing the amount due by Florencio at the date of the agreement, viz., August 6th 1868. Yet all the items of the account, claimed as set off (save one) are prior in date to this agreement, and several of them are for " testamentary expenses" which, it is fair to assume, were included in the " testamentary settlement" referred to in the agreement. They are all more than six years before this suit was brought. No claim of set-off appears to have been made when the agreement was executed and the $10,000 paid. In any aspect of the case, we contend that the Statute of Limitations is a bar to the alleged set-off, and that no silence can create an estoppel which is not strong enough to toll the bar of the statute.

(No counsel appeared and no paper-book was presented *contra.*)

Mr. Justice TRUNKEY delivered the opinion of the court, January 24th 1881.

The contract is dated August 6th 1868, recites a transaction on which Edmond J. Verrier had received $10,000, leaving a balance due him of $6000, which sum is agreed to be paid by Florencio to Verrier, in August 1870.

[Verrier *v.* Guillou.]

As appears in the bill of exceptions, in August 1868, Florencio rendered an account to Edmond, containing a number of items amounting to $3797.67. On February 2d 1869, he wrote to Edmond, as follows : " Your letter of the 28th ult. is so character-istic, that I prefer giving it no reply. I place all the papers in the hands of Mr. Guillou, who will see Mr. Biddle. It would seem that you have forgotten, that on September 9th 1867, I paid you $600, on October 28th 1867, $680, August 5th 1868, your share of testamentary expenses, as per receipt of Esunbanio Pomental, $494 ; and August 12th 1868 for your various bills, &c., of Anto-nio's ($56) $521, total $2295." In the account, or letter, it is nowhere stated that the money was paid or received to apply on the contract. All the items were anterior to its date, except one, and that was six days posterior ; the whole account was two years before the money became due on the contract, and the letter was written a year and a half before. There is no evidence of an agree-ment that the account should apply as payment. At most, it can only be inferred that the account was correct, because no objections were made within a reasonable time. An account rendered to a party indebted by his creditor, and not objected to in a reasonable time, is prima facie evidence against the party to whom it is ren-dered. The tone of the letter of February 2d, is not consonant with Florencio's belief that Edmond had admitted the account cor-rect, by silence, or otherwise. But, for the purposes of this case, let it be conceded that he did.

Florencio's right of action existed at and before the time he rendered the account ; it accrued more than six years before he filed the plea of set-off, and more than six years before this suit was commenced. Had he brought a suit to recover the account, more than six years after the right had accrued, the statute would have been an effectual plea in bar ; it is just as effectual when replied to the claim pleaded as set off. Sending the account to Edmond, did not suspend his right to bring suit, or the running of the Stat-ute of Limitations. Mutual demands do not extinguish each other. The letter was written over six years prior to this suit.

Nothing in the correspondence between the counsel for the par-ties suspended the right of action, or amounted to a promise to pay the account, or constituted an agreement that it should apply as payment on the contract. The mere fact that Mr. Guillou men-tioned that statements had been furnished to Edmond, to which Mr. Biddle made no reply, cannot prejudice the client. If it could there would be no safety in placing a claim in the hands of an attorney for collection. There is not a particle of testimony that Mr. Biddle had authority to admit the account, or that he knew anything about it ; his business was to collect the money on the contract, and shortly after it became due, he demanded the whole. The first demand was Mr Biddle's letter of October 18th 1870.

[Verrier v. Guillou.]

Hence, it is a mistake to say, that when the "plaintiff first made demand for the payment of the $6000, a detailed statement of the several sums claimed to be of right deducted therefrom, was promptly presented." There is no proof that the plaintiff demanded the $6000 before it became due. As already observed, the detailed statement was sent immediately after the date of the contract, and not a word therein, nor in the letter of February 2d 1869, shows that the account was claimed as a proper payment in reduction of the principal sum named in the bond. Florencio's last letter was not a request that his claim be applied on an obligation not then due; nor was it a statement that he would so apply it. He awaited no answer, held the plaintiff at arms' length, and gave notice that he placed the papers in the hands of his attorney. How could the plaintiff's silence mislead him? What word or act did the plaintiff utter or do, tending to induce belief that he would apply the account as payment? As we view the evidence, none whatever. We see no ground for application of the equitable principles of estoppel, so well stated in the opinion of the learned judge of the Common Pleas. We think it very clear, that he did nothing more than receive the account as sent, without returning any objection, and that only made it prima facie evidence against him. It is not pretended, that such an act by a debtor thereafter forever estops him from pleading the statute as a bar. In no sense can it operate as an estoppel. The statute runs from the date the account is rendered, if it be then due, as it would against any other simple contract debt. To avoid the statutory bar, the defendant contends, that the plaintiff's silence was an admission of the claim of payment; but no claim of payment on this contract was made; the claim was an account of payments to and for the plaintiff only. It is very clear that it is barred, whether the statute runs from the time he made such payments, or from the date he rendered the account.

In this case, there is no difficulty in entering judgment upon the verdict; for there is no evidence to warrant the jury allowing the set off against the bar of the statute. The verdict was subject to the point reserved, whether upon the evidence defendant was entitled in point of law to the set-off claimed by him. Had there been sufficient evidence for submission, this would not be a good reservation of a point: Ferguson v. Wright, 11 P. F. Smith 258; Wilson v. Steamboat Tuscarora, 1 Casey 317.

> Judgment reversed, and judgment is now rendered on the verdict in favor of the plaintiff for $9163.92.