# Hudson *v.* Hudson, Appellant.

*Statute of limitations—Mutual accounts—Demands.*

Where there are mutual accounts, if any of the items of the account be within six years before the commencement of the suit, such item is equivalent to a subsequent promise reviving the debt; but the mutual accounts must on both sides relate to trade in merchandise, labor, or something that is provable by books of original entries. Mutual demands for money loaned do not operate as an extinguishment of each other, since a loan of money is not provable by book of original entry and does not constitute an account.

In an action of assumpsit brought in 1902, plaintiff claimed to recover (1) upon a settlement of accounts made in 1892; (2) on a book account for wages of labor in 1893 and 1895; and (3) for several sums loaned to defendant in the years 1894, 1895 and 1900. Payments were alleged to have been made from time to time in cash and a number of inconsiderable amounts in farm products. *Held,* that there were no such mutual accounts between the parties as would take the demands of the plaintiff out of the statute of limitations.

Argued May 12, 1902. Appeal, No. 86, April T., 1902, by defendant, from judgment of C. P. Armstrong Co., Dec. T., 1900, No. 192, on verdict for plaintiff in case of T. P. Hudson v. John S. Hudson. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on an account stated for moneys loaned and for wages. Before PATTON, P. J.

Defendant pleaded the statute of limitations.

The facts are stated in the opinion of the Superior Court.

Defendant presented these points :

1. Under the pleadings and evidence in this case the plaintiff cannot recover for any items dated prior to November 13, 1894. *Answer :* Refused, as explained in our general charge. [1]

4. Under the pleadings and evidence in this case there are no such mutual running accounts between the plaintiff and the defendant as to take the case out of the statute of limitations. The statute therefore operates upon and bars all items of plaintiff's claim prior to November 13, 1894. *Answer :* Mutual dealings are evidenced by mutual accounts, and accounts are mutual when each party charges against the other in his books,

for property sold, services rendered, money advanced, etc. It is for the jury to say, under all the evidence, whether or not the defendant had a mutual account against the plaintiff. [2]

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*James H. McCain*, of *McCain & Christy*, for appellant, cited on the question of mutual accounts: Lowber v. Smith, 7 Pa. 381; Adams v. Carroll & Co., 85 Pa. 209; Mattern v. McDivitt, 113 Pa. 402.

*R .A. McCullough*, for appellee, cited: McKelvy's App., 72 Pa. 409; Van Swearingen v. Harris, 1 W. & S. 356; McFarland v. O'Neil, 155 Pa. 260; Adams v. Carroll, 85 Pa. 209; Stewart's App., 105 Pa. 307.

OPINION BY W. D. PORTER, J., July 10, 1902:

The plaintiff sought to recover in this action upon several distinct demands. The first was a balance alleged to have been due from the defendant, on December 5, 1892, upon a settlement of all accounts between the parties ; the second a book account for the wages of labor between May 30, 1893, and April 8, 1895 ; and finally for several sums of money loaned by plaintiff to defendant at various times in the years 1894, 1895 and 1900. Payments were alleged to have been made from time to time in cash and a number of inconsiderable amounts in farm products. The defendant pleaded non assumpsit and the statute of limitations. The plaintiff made no attempt to prove a new promise as to any of the items to which the statute of limitations applied, nor was there any evidence of an acknowledgment within six years of the existence of any liability upon account of such demands. The plaintiff based his right to recover, upon the various demands to which the statute of limitations would otherwise have applied, entirely upon the allegation that there were mutual accounts between the parties. The learned judge of the court below submitted this question to the jury in this language: " If the jury believe from the evidence that these parties kept mutual accounts, and

some of the items, or even one item, came within six years before suit brought, then it takes the claim out of the statute of limitations." This language applied to all the items of the plaintiff's claim, and under the evidence in this case was erroneous. It has been held that where there are mutual demands, if any of the items of the account be within six years before the commencement of the suit, such item is equivalent to a subsequent promise reviving the debt: Van Swearingen v. Harris, 1 W. & S. 356 ; Thomson v. Hooper, 1 W. & S. 467 ; Chambers v. Marks, 25 Pa. 296 ; McFarland v. O'Neil, 155 Pa. 260. The word demand in the cases cited is used in the sense of " account." " A mutual account is when each has a demand or right of action against the other, as for example when A and B dealing together, A sells B an article of furniture or other commodity, and afterwards B sells A property of the same or a different description ; this constitutes a reciprocal demand, because A and B have a demand or right of action against each other. But this is not so when the sale is only by one to the other, whether it is to be paid for in cash or in kind ; the manner of payment can surely make no difference. Nor will an over-payment alter this result : " Lowber v. Smith, 7 Pa. 381. As defined, the account on each side relates to trade in merchandise. This may include labor or anything that is provable by book of original entry. Such account on one side is not enough. A demand on the other side founded on anything else " than such accounts as concern the trade of merchandise," is not sufficient to bring the account of the other within the exception. Both accounts may have been kept by one of the parties. It was doubted in Chambers v. Marks, supra, whether it is necessary that the accounts should be kept in writing at all. It is the character of the dealings and not the manner in which they are evidenced which must determine whether the transactions fall within the exception to the statute. Two persons may have mutual accounts which fall within the exception provided for in the statute, but that fact will not impart the same quality to all claims of a different character which one may have against the other. Their current mutual accounts relating to trade do come within the operation of the statute, but if one loans the other money or buys his commercial paper, the statute applies to that demand. The whole transaction must be of such a

character as to raise a legal presumption that the accounts are intended to apply to the extinguishment of each other: Stewart's Appeal, 105 Pa. 307; Ingram v. Sherard, 17 S. & R. 347; Adams v. Carroll, 85 Pa. 209; Mattern v. McDivitt, Administrator of Whitesell, 113 Pa. 402. The parties may have stated an account and agreed upon a balance due from one to the other in 1892, and if they did so it presumably included all the demands which they respectively had against each other. The balance thus agreed upon was not provable by book of original entry. The statute began to run against that amount the day the balance was agreed upon. Mutual demands for money loaned do not operate as an extinguishment of each other. A loan of money is not provable by book of original entry and does not constitute an account: Mattern v. McDivitt, supra; Ahl v. Ahl, 176 Pa. 466; Verrier v. Guillou, 97 Pa. 63, and see 6 P. & L. Dig. of Dec. col. 9827. The various sums of money loaned by the plaintiff to the defendant came within the operation of the statute of limitations, and the burden was upon the plaintiff to avoid the bar of the statute as to each one of those demands. The attempt of the plaintiff to save two of these loans, one of July 20, 1894, for $150, and the other of September 3, 1894, for $75.00, by crediting $2.50 on each of them was ineffectual to accomplish what he desired. The credit, to have that effect, must be authenticated and proved to have been a credit on those claims: Chambers v. Marks, supra. There was not a scintilla of evidence that the defendant had ever acquiesced in such an appropriation of the payment, and it was error to leave that question to the jury.

The judgment is reversed and a venire facias de novo awarded.