## Arnold v. Arnold et al., Administrators.

*Madore & Madore* and *Simon H. Sell,* for plaintiff.
*Alvin L. Little,* for defendants.

POTTER, P. J., 17th judicial district, specially presiding, May 22, 1930.— This suit was instituted on Nov. 2, 1929. It was tried before a jury, who, on Jan. 31, 1930, rendered a verdict for the plaintiff in the sum of $1218.79. A motion for a new trial was promptly made and reasons were filed in support of it, which we have before us.

Winfield S. Arnold, the plaintiff, and James E. Arnold, deceased, were brothers, the decedent being represented in this suit by three named defendants, who are his children and heirs. The plaintiff has been for some years the owner and operator of a planing mill in Bedford, and was also engaged in the contracting and building business. James E. Arnold died on April 13,

1929, and, from what we gathered during the course of the trial, was a farmer.

These two brothers had for many years been mutually dealing back and forth with each other, the plaintiff furnishing to his brother building and repair material from his planing mill, and the decedent furnishing to his brother products from his farm, these mutual business relations having reached back as far as the year 1874. However, from 1874 on no dealings between them occurred on either side till the year 1888, a lapse of fourteen years. In our judgment, the dealings of 1874 would be barred by the statute of limitations. Then, again, we have a lapse from 1888 till 1896 with no dealings between them. Again, we think the limitation applies to the items of 1888. However, from 1896 on up to 1925 mutual business transactions existed between them with no lapse of the statutory limitation period of six years. So that for the purposes of this trial we are considering mutual items only within this period.

The plaintiff introduced proof of articles sold by him to the defendants' decedent during this period amounting to $1311.27. He, however, admits a credit of articles furnished to him by the decedent amounting to $356.06, leaving his net claim $955.21, on which interest from June 25, 1925, the date of the last business relation between them, up to Jan. 31, 1930, the day of the verdict, is computed, amounting to $263.58, thus making the total claim of the plaintiff $1218.79, for which sum the verdict was rendered.

The defendants offered no testimony whatever, so we have only the plaintiff's version of the controversy.

The last item furnished by the plaintiff to the defendant was on June 25, 1925. As the defendants offered no testimony we have no means of knowing, from their version of the matter, when the last item was furnished by their decedent to the plaintiff. However, the credit of $356.06 was admitted by the plaintiff and was not denied by the defendants, and had accumulated between the years of 1896 and 1925.

It is claimed by the defendants that the last item furnished by the decedent to the plaintiff was far more than the six-year limitation period before the time of bringing the suit, that this was not a mutual account between these brothers, and that the limitation must eliminate all items of the plaintiff's claim prior to the six years back from Nov. 2, 1929. Upon the trial of the case we reserved this as a question of law to be disposed of by us, and we find the reasons for a new trial all hinge on this legal proposition. Wherefore, as we view it, the question before us is, is this such a mutual account between these two brothers as will take it out of the statute of limitations, and can this account be considered as extending back to the year 1896, and the one side of it operate as a set-off to the other, and must there be an exchange of items from each to the other within six years prior to the bringing of the suit?

In 37 Corpus Juris, 865, we have the following relative to mutual accounts current: "Where there is a mutual, open and current account consisting of reciprocal demands, the general rule is that the cause of action to recover the balance is deemed to accrue at the date of the last item proved [not *items* on each side of the account], and that the statute of limitations runs from that time, so that, if the last item on either side of the account is not barred, it 'draws to itself all the other items' which will become barred only when the statute has run against the last, no matter how far back the account commenced. . . . And it is commonly stated that the main ground upon which the rule as to mutual accounts rests, independent of express statutory provision,

is that every new item and credit in an account given by one party to the other is an admission that there are some unsettled accounts between them, each item within the statutory period being regarded as equivalent to evidence of a promise which takes all the prior items out of the statute."

A mutual, open and current account is an unsettled debt arising from items of work and labor, goods sold and delivered, and other open transactions not reduced to writing and subject to future settlement and adjustment: 37 Corpus Juris, 865, note 96 a. It is elementary that in cases of mutual accounts the statute of limitations commences to run from the day of the date of the last item on either side: Davidson v. Davidson, 262 Pa. 520; McFarland v. O'Neil, 155 Pa. 260; McCain v. Peart, 145 Pa. 516; Chambers v. Marks, 25 Pa. 296; Thomson v. Hopper, 1 W. & S. 467; Van Swearingen v. Harris, 1 W. & S. 356; Radenbach's Estate, 52 Pa. Superior Ct. 461. To make an account mutual within the meaning of the rule the items on the different sides of the account must be capable of being set off against the other, and one item alone does not comply with the requirement. The account on both sides must be between plaintiff and defendant and must have originated between them, and the parties must have dealt with each other in the same capacity or relation: 37 Corpus Juris, 869 and 870. In brief, the items on both sides must constitute parts of the actual account upon which they operate to set off or extinguish each other pro tanto, so that the balance on either side becomes the debt: Mattern v. McDivitt, 113 Pa. 402. And the account must be continuous, open and current. A mutual account is one based on a course of dealing wherein each party has given credit to the other in reliance on the understanding that upon settlement each side of the account will be allowed, so that one will reduce the other. In such cases every item of account on either side ending in a debt is to be deemed a credit in favor of the party pro tanto upon the final adjustment, and the several items of credit become converted eo instanti into payment as to items of debit, and only the balance is recoverable: 1 Corpus Juris, § 6, page 598.

These two brothers had been dealing back and forth with each other since 1876, and, apparently, never settled. Within a week prior to his death James E. Arnold had met with his brother at his home, and they took steps to effect a settlement of their account. From the testimony given, it seems they were getting together on a settlement. They parted, agreeing to meet again to finish the settlement within a few days, before which time the decedent took sick and soon thereafter died, by reason of which the settlement was not consummated. Had he lived, we have no doubt but that the settlement would have been effected and this case would not be before us. But, by taking steps to settle, they surely regarded their dealings as a mutual and reciprocal account. And if they so regarded it, we see no reason why we should not, which takes it out of the statute of limitations in this respect.

And now, whether or not there must be items on both sides of the account to take it out of the operation of the statute. At the time of the trial we thought not, and we think so yet. Where there are mutual demands, if any item of such account be within six years from the commencement of the suit, such item is deemed equivalent to a subsequent promise reviving the debt. It takes the case out of the statute: Van Swearingen v. Harris, 1 W. & S. 356; Thomson v. Hopper, 1 W. & S. 467; Chambers v. Marks, 25 Pa. 296; McFarland v. O'Neil, 155 Pa. 260; Lowber v. Smith, 7 Pa. 381, and other authorities already cited, which are identical with the dictum laid in Corpus Juris, hereinbefore cited. It is to be noted that all these authorities refer to "any item" in the mutual account within the six-year period. The word

"items" is not used. If it was, we might well understand that the last item on each side of the account was meant. The transactions on both sides are regarded as one account. Wherefore, we are of the opinion that if the last item on one side of the account is more than six years back of the date of the bringing of the suit, and the last item on the other side is within six years of it, this item carries with it both sides of the account. To hold otherwise in the case of a mutual current account would be inequitable and must necessarily work a great hardship on the one whose side of the account might be a few days back of the six-year period. If A's side of the account was within the six years and B's side of it was outside of it, if, for this reason, on a settlement, B's account was barred, this would prove a very fertile field for the one to defraud the other out of his just and honest credits by A selling to the unsuspecting B a small item within the period, or of A ceasing to receive goods from B till the six-year period was passed. We do not think this to be the law in the case of mutual accounts.

We see no reason for further discussion of the question, and, therefore, enter the following order:

And now, to wit, May 22, 1930, the new trial is refused, the reasons assigned therefor are dismissed, and we direct that judgment be entered on the verdict upon compliance with the usual legal requirements.

From R. W. Williamson, Huntingdon, Pa.