# Stephen Skinner plaintiff in error *against* John Robeson.

Judgment cannot be arrested on matter of law in slander, after verdict, because the words were spoken after the writ issued.

WRIT of error to the Common Pleas of Franklin county.

It appeared to be an action of slander. The *teste* of the writ was 10th April 1802, returnable on the first Monday in August following; and the plaintiff's declaration laid the words to have been spoken on the 1st May 1802. The jury found a verdict for the plaintiff with 1200 dollars damages. By a memorandum subjoined to the record, the prothonotary certified, that the writ issued on the 22d April 1802. Reasons in arrest of judgment were filed, and the Court of Common Pleas arrested the judgment on the ground of the words spoken having been proved on the trial to have been on a day subsequent to the taking out the writ.

Mr. Duncan, for the plaintiff in error.

The court in the present state of this business cannot take judicial notice when this writ issued, nor where the words were spoken. The *teste* and return of the *capias*, are regularly before *them; but the certificate of the prothonotary, though subjoined to the record, forms no part of it, nor will be [*376 received as evidence. The court will necessarily decide on the face of the record, as spread before them. As to the *teste* of the writ, it is mere fiction; and legal fictions will never be admitted to obstruct justice. Dougl. 108. It will not be presumed, that improper evidence was received on the trial. But if such had been offered, the defendant's counsel should have excepted to it at the time; and if the court had overruled the objection, his remedy would be obvious, on a bill of exceptions. The verdict here closes all enquiry into that particular. If a declaration is drawn as of a term to which the writ issued, the day is regularly laid. An impossible day is cured by verdict. 3 Salk. 8. A verdict aids a fact alledged in the declaration on a day impossible. Blackall *v.* Heale, Comy. 12. S. C. 12 Mod. 102, 105. Carth. 389. 5 Mod. 287. A demise laid as of a time not yet come, is helped by verdict. 2 Burr. 1159.

Mr. Watts, for the defendant. The words should have been proved to be spoken on such a day, as would support the suit.

4 YEATES—23

[Skinner, in Error, *v.* Robeson.]

But a previous question demands investigation. Will a writ of error lie in this case? No judgment has been rendered here; the judgment has been arrested. No writ of error can be brought but on a judgment, or an award in nature of a judgment; for the words of the writ are, *si judicium redditum sit,* &c. Bac. Error A. 2, 463, (1st edit. 191.) I find no precedents as to the immediate point.

Mr. Duncan in reply. There is certainly a judgment here, that the defendant go without day, and that the plaintiff pay the costs. A writ of error may be sued out on a judgment of nonsuit. 1 H. Bla. 432. 1 Stra. 235. And where a defendant had moved in arrest of judgment, it was said, that until the entry is made, that judgment be arrested, the plaintiff cannot bring error. Bulling *v.* Rogers, 2 Barnes 226, (4th edit. 278.) Cited in 1 Crompt. Pract. 327. In 1 Day's Connect. Rep. 27, an instance occurs, of a writ of error being brought after judgment was arrested. And in Bayard *v.* Malcolm, 2 Johnson's New York Rep. 101, it is said, that after judgment is arrested, if the plaintiff wishes to bring a writ of error, the court will order judgment to be entered for the insufficiency of the declaration; and if the defendant's attorney does not make up the record, the plaintiff's attorney might do it. If an improper judgment has been rendered in the court below, the court here would render the proper judgment.

*377]    *Tilghman, C. J. delivered the opinion of the court. It does not appear to the court upon the record when the writ issued in this action. We cannot regard the certificate of the prothonotary upon the present argument. It was incumbent on the defendant during the trial, to object to testimony of words spoken after the institution of the suit, and to have ascertained when the writ issued, as a fact. That subject is not now open to inquiry.

It is an invariable rule, with regard to arrests of judgment upon matter of law, that whatever is alledged in arrest of judgment must be such matter as would, upon demurrer, have been sufficient to overturn the action or plea. 1 Crompt. Pract. 327. There cannot be the smallest doubt, but that this declaration, laying the speaking of the words on the 1st May 1802, would have been good; and therefore the defendant ought not to have prevailed in arrest of judgment.

It also appears from the cases cited by the plaintiff's counsel, that a writ of error will lie in a case where judgment has been arrested; and it would seem that the English practice on this head was mistaken in 2 Johnson 101.

The judgment in the Common Pleas therefore must be reversed, and judgment entered for the plaintiff.

Cited in 45 Pa. 342 to shew that to the decision of a court arresting judgment, a writ of error lies.