## Devereux *v.* Esling.

In an action on a bail-bond reciting the arrest to have been under a *cap. ad resp.*, in an action of trespass on the case, where the record given in·evidence showed the action was trespass *vi et armis*, the variance is immaterial.

In error from the District Court of Philadelphia.

*Feb.* 29. Esling having been arrested on a *capias* in an action of trespass *vi et armis*, gave bond for appearance with Devereux as his bail. This instrument recited that Esling was arrested, &c., in a certain action of trespass on the case.

On the trial of the action on the bail-bond, the recovery in the action of trespass was proved—the affidavit to hold to bail laying a violent beating as the cause of action.

Jones, P. J., was requested to instruct the jury that the variance was fatal; he, however, left it to them as a question of fact, whether the record of the action given in evidence was the one referred to in the bond. This was the error assigned.

*Devereux*, for plaintiff in error.—There was a clear variance, it is admitted; and it is settled that a surety is not liable beyond the words of his agreement: Hurlst. on Bonds, 56, 58, 61, 108; Sewell on Sheriff, 166. In Wheelwright *v.* Jutting, 7 Taunt. 304, it is said he is not liable for any cause of action not mentioned in the affidavit: Richards *v.* Stuart, 10 Bing. 319; bail-bond in trespass and arrest in debt; the bond was cancelled: Edwards *v.* Dignam, 2 Dowl. Pr. C. 240, S. P.; so the notice must conform to the writ: King *v.* Skeffington, 1 Cr. & Mee. 363; 3 Chit. Gen. Prac. 196, 69; Baker *v.* Newbegin, Ry. & Moo. 93. So where the writ was to appear before the justices of B. R. at Westminster, and the bond said before his majesty at Westminster.

*H. Hubbell*, contrà.—These cases are under the uniformity of process act. Formerly, it was immaterial in England, if the bond was substantially recited: 2 Leigh. N. P. 777; and, as the process need not be set out, a variance as such was immaterial: Postern *v.* Hanson, 2 Saund. 52 a, n.; Cro. Jac. 165; 2 Lev. 123. But the point has been settled in this case by Kelly *v.* The Commonwealth, 9 Watts, 43.

*Reply.*—That case is very different. It was a mere omission of the name of one defendant, which was immaterial; but the form of the action might be very material in determining a person whether to act as surety or not.

PER CURIAM.—The English cases on which the counsel of the bail relies, were decided upon the English statute, which introduced in that country a strictness of description unknown to any previous statute in the common law; and they are, consequently, without authority in cases arising on the statute here. His argument is, that the bail might have been entirely willing to execute a bond for the appearance of a prisoner arrested in an action on the case, but decisively unwilling to do so, knowing him to be arrested for an assault and battery. The consequence is barely possible, and the supposed injury, from want of accurate description, is speculative and technical. In practice, every man who is requested to go bail for another, learns the nature of the action against him beforehand, and makes up his mind before the condition of the recognisance or bond is read to him. It would be discreditable to the administration of justice, therefore, if such an exception as the present should prevail. But it was disallowed in the case of Kelly

*v.* The Commonwealth, in which there was an omission more important. The style of the action is properly recited; and, except the subject-matter of the demand, the suit is described by a statement of every circumstance necessary to individuate it. The judge, therefore, properly charged that the variance was immaterial. Judgment affirmed.