[Linton v. Vogle.]

OCTOBER AND NOVEMBER TERM, 1881, No. 172.

## Linton *versus* Vogle.

1. On an appeal from the judgment of a justice the defendant cannot be called upon to defend against a claim for damages, the items of which in the aggregate exceed the jurisdiction of the Court on appeal, and a verdict rendered for the amount of such items should be set aside, or the judgment arrested.

2. While the power of the Court to authorize amendment of the narr cannot be questioned, it is not competent for the plaintiff to cure the defect in such a verdict by remitting the excess over $100, and it is error for the Court to determine that $100 is the proper amount of damages for which judgment should be entered.

3. The defendant has a right to insist that damages exceeding the limit of the jurisdiction of the justice shall be neither claimed nor proved, and that a jury shall pass upon the question of the amount.

ERROR to the Court of Common Pleas No. 1 of *Allegheny County*.

Appeal by defendant from the judgment of a justice of the peace.

John Vogle, the plaintiff, obtained a judgment against William Linton, the defendant, before a justice, July 1st, 1879, for " damages for hindrances in working his corn crop, his potatoes, and for defendant not paling his garden according to contract, in the sum of $75 " and costs. August 4th, 1879, defendant appealed to the Court of Common Pleas. October 6th, 1879, plaintiff filed an affidavit of claim, setting forth that defendant was indebted to him in the sum of $75, with interest, for damages sustained and contracts made by him with defendant for the working of his place on the shares, defendant having failed to come up to his part of the contract.

November 3d, 1879, George H. Quaill, as agent for plaintiff, filed an additional affidavit of claim setting forth the claim more specifically, but limiting it to the same amount of $75.

.[Linton *v.* Vogle.]

The narr filed, contained the common counts in assumpsit, and the following special count:

" And in the sum of $500 as damages for the breach of a verbal contract made and entered into by and between William Linton, defendant, and John Vogle, plaintiff, on or about the 1st day of December, 1878, the terms and purport of which is as follows: Plaintiff agreed to crop the farm of William Linton, defendant, situate in Findley township, Allegheny County, aforesaid, putting in a spring crop in the spring of 1879, and a fall crop in the fall of 1879, in consideration of which defendant agrees to give plaintiff a home on said farm in which to live; give him one-third of the crops in the bushels ; when it was agreed to furnish plaintiff with horses to plough and work the crops, and furnish plaintiff with work when he was not actually employed working his crops, at current rates of compensation paid for labor.

" Plaintiff, in pursuance of this agreement, put in about twenty acres of oats, fourteen acres of corn, and one acre of potatoes.

" About the middle of June, 1879, plaintiff several times demanded of defendant a horse to work the corn and potatoes, but defendant, as often as requested, refused to furnish the same, whereby the corn and potatoes were unworked and wholly damaged. Plaintiff also offered himself to defendant and asked for work, which was refused by defendant, whereby plaintiff lay idle and out of work for the space of three months, to wit: from June 15th, 1879 to September 15th, 1879, to plaintiff's serious damage ; and whereas, the defendant afterwards, to wit, the day and year aforesaid, in consideration of the premises, then and there promised to pay the said several sums of money respectively to the plaintiff on request, yet he has disregarded his promises, and has not paid any of said sums or any part thereof, to the damage of said plaintiff in the sum of $500, and therefore he brings suit."

On the trial, upon evidence in support of this narr, the jury found a verdict for the plaintiff in the sum of $140. Defendant moved for a new trial and in arrest of judgment, whereupon the Court below made the following order:

" May 23d, 1881. On argument list, and plaintiff allowed to amend his narr by striking out $500 and inserting $100 as damage, and plaintiff now in open court remits all of above verdict over one hundred ($100) dollars. New trial refused, and judgment directed to be entered for $100 and costs, on payment of verdict fee."

The defendant took out a writ of error, assigning as error the above order.

[Linton v. Vogle.]

*Whitesell & Son* and *Slagle & Wiley* for plaintiff in error.

The Court allowed an amendment of this record, which did not accord with the testimony in the case, and entered judgment for an amount which was not indicated by the pleadings, evidence, or verdict.

The claim in Court was increased beyond that made before the justice either by enhancement of the amount claimed in items then presented, or by the addition of items not then claimed. Either way it shows that the actual demand before the justice was greater than his jurisdiction.

If so, the Court of Common Pleas had no jurisdiction: Collins *v.* Collins, 37 Penna. State, 387 ; Bower *v.* McCormick, 73 Penna. State, 427 ; Owen *v.* Shelhamer, 3 Binney, 45.

*George H. Quaill* for defendant in error.

It is the sum demanded which gives jurisdiction. In this case the summons, transcript, the judgment of the justice, the affidavit of claim, the narr, as amended, and the judgment of the Court, all show that the sum demanded originally was within the jurisdiction of the justice. Plaintiff below, in open Court, agreed to remit the excess of the verdict over $100, and this is a very usual practice where juries give more damages than the Court, in their discretion, think the circumstances warrant: Darrah *v.* Warnoch, 1 P. & W., 21 ; McEntire *v.* McElduff, 1 S. & R., 18.

When the demand is within the jurisdiction of the justice it is not fatal to the appeal that a sum beyond the jurisdiction is laid in the declaration: Greenawalt *v.* Shannon, 8 Barr, 465 ; Hoffman *v.* Dawson, 1 Jones, 280.

Every court has the power of amendment, and may exercise it at any time before final judgment: Canal Company *v.* Bunnell, 81 Penna., 414.

The opinion of the Court was filed October 31st, 1881, by STERRETT, J.

While it is true, in a certain sense, that on appeal from the judgment of a justice the proceedings are *de novo*, it is well settled that the cause of action cannot be changed, nor can the demand be increased beyond the limit of the justice's jurisdiction, except so far as to embrace interest which has accrued since the institution of suit. A verdict and judgment for more than that is conclusive that the action was either erroneously brought or improperly prosecuted: Darrah *v.* Warnoch, 1 P. & W., 21.

In the present case the plaintiff's demand before the justice was $75 damages for breach of contract, and for that sum he obtained judgment, from which defendant appealed.

In his affidavits filed in Court setting forth more fully the contract and breaches thereof, he claimed the same amount, with interest from July 1st, 1879. Thus far the record exhibits a cause of action clearly within the jurisdiction of the justice ; but the declaration containing the common counts, to which is added an inartificially drawn special count on the verbal contract, lays the damages at $500. This might and should have been amended by leave of Court, so as to bring the case properly within its jurisdiction ; but without offering to do so, the plaintiff proceeded to trial, and having introduced testimony tending to prove the allegations contained in the special count and items of damage, exceeding in the aggregate the jurisdiction of the justice, a verdict was rendered in his favor for $140, nearly twice the amount demanded by him on the hearing before the justice, and subsequently in his affidavits of claim.

The plaintiff in error could not be thus called upon to defend against a claim for damages, the items of which, in the aggregate, as shown by the testimony as well as the verdict, greatly exceed the jurisdiction of the Court on appeal. He was not bound to anticipate or defend against such excessive claims, nor would the Court have been justified in entering judgment on the verdict as rendered. The result was a mistrial, and the verdict should have been set aside or judgment arrested ; but after verdict, the Court permitted the plaintiff to amend by striking out $500 and inserting $100 as damages, and then upon his remitting all of the verdict in excess of $100, judgment was entered for that amount. In this, we think, there was error. While the power of the Court to authorize the amendment cannot be questioned, the circumstances were not such as to justify the entry of judgment for $100. Inasmuch as the defendant was not bound to anticipate or defend a claim for damages exceeding $100 the verdict was invalid, and judgment thereon would have been irregular and illegal. Nor was it competent for the plaintiff to cure the defect by remitting part of the verdict, or for the Court to determine that $100 was the proper amount of damages for which judgment should be entered.

The defendant below had a right in the first place to insist that damages exceeding the limit of the justice's jurisdiction should neither be claimed nor proved, and in the next place he was entitled to have the jury pass upon the question of damages. The plaintiff, in his original demand, supported by his own oath, on the hearing before the justice, and in the affidavits of claim afterwards made in Court by himself and his attorney, fixed his damages at $75. There is no good reason why he should have judgment for more

than that sum, with interest.   It is not to be presumed that the plaintiff undervalued his own claim.

If the declaration had been amended before or during trial, and the testimony as to the damages had been kept within proper bounds, we would not feel disposed to disturb the judgment ; but as it is, we are of opinion that it cannot be sustained.

Judgment reversed, and a *venire facias de novo* awarded.