## McFarland *v.* O'Neil, Appellant.

*Justice of the peace—Jurisdiction.*

A justice of the peace has jurisdiction where the claim, however large, is reduced to, or below, the statutory limit by direct payment, or by dealings amounting to and admitted as payments.

The plaintiff may bring the amount claimed within the jurisdiction of the justice by allowing credits for matters for which the defendant had rendered bills to the plaintiff and demanded payment.

*Statute of limitations—Running accounts.*

The statute of limitations does not apply where there is a mutual running account between the parties, and the last item is within six years of the suit.

Argued Nov. 7, 1892.   Appeal, No. 238, Oct. T., 1892, by defendant, E. M. O'Neil, trading as Pittsburgh Dispatch, from judgment of C. P. No. 2, Allegheny Co., July T., 1890, No. 96, on verdict for plaintiff, J. W. McFarland.   Before PAXSON, C. J., WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Appeal from justice of the peace.
At the trial, before MAGEE, J., plaintiff presented his claim by showing a book account for merchandise sold and delivered

to the amount of $99.37, the last item bearing date Aug. 5, 1879, and also a claim for use of the yard from Jan. 1, 1877, to April 1, 1884, at $52.00 a year, amounting to $377, making a total of $476.37. He allowed credits for advertising as per items of bills rendered therefor in July, 1880, by defendant to plaintiff, the last item of which bore date Feb. 13, 1879, amounting to $281.05, " less overcharge May 30, 1877, $15."

The court charged in part as follows :

" [As matter of law, I say to you that the evidence shows that the credit given by the plaintiff, by the bill presented therefor to the plaintiff by the defendant, was an authorized credit by the defendant, and one the allowance of which, or any undisputed items therein, on the part of the defendant, could be properly given as credits on his accounts, and lawfully leave the balance as plaintiff's claim, and as the indebtedness of the defendant to the plaintiff at the time of suit brought before the alderman.] [4]

" [The statute of limitation does not cover this action, for the reason that the suit before the alderman was brought before the expiration of the six years within which the action could be brought.]" [5]

Defendant's points were as follows :

1. " That, from all the testimony in this case, it appears that the justice before whom the suit was brought had no jurisdiction of the action, and this court, therefore, has no jurisdiction on the present appeal. *Answer :* Refused. If I affirmed that point I would say that the case was improperly brought, and that the court had no authority to act in the matter at all, that the proceeding before the alderman was outside of his jurisdiction, and, of course, coming here by an appeal from the judgment of an alderman who had no authority to act, the court would have none. On that ground I decline to affirm that point, and practically say that the court, in its judgment, has jurisdiction in the case." [1]

" 2. If the jury find that the set-off or credit allowed by the plaintiff was not authorized by the defendant, the plaintiff cannot recover in this action. *Answer :* Affirmed as a legal proposition, that if that condition of things appeared, viz., that the credit was allowed without any authority from the defend-

ant, there could be no recovery, but I say as matter of law that under the evidence the credit allowed by the plaintiff was authorized by the defendant; that while the point is correct, as a proposition of law, yet in this case the evidence shows, as a matter of law, that it was such authorization of a credit as the plaintiff could make in adjusting his accounts." [2]

" 3. To enable the plaintiff to recover in this action, the jury must find that the credit or set-off allowed by the plaintiff was allowed under a mutual agreement or arrangement between the plaintiff and defendant to treat the cross accounts as open, mutual and running accounts, and the items and charges in the accounts as in payment and extinguishment of each other. *Answer :* This point is affirmed as a legal proposition, but while that is the law, yet I say that under the evidence the credit given by the plaintiff was properly allowed in reduction of his claim; that it was such a character of dealings between the parties, and such a statement of claim of the defendant against the plaintiff as warranted the plaintiff in accepting that or items in it that he saw proper ; in other words, that it was not a fictitious credit given in order to obtain jurisdiction by the alderman." [3]

Verdict for plaintiff. A motion for a new trial was dismissed by the court in an opinion in part as follows by MAGEE, J. :

" It is clear that a plaintiff cannot, of his own motion, reduce his claim for the purpose of giving the justice of the peace jurisdiction. It can, however, be reduced by actual payments made, which reduces the claim to a sum within the jurisdiction of the justice of the peace, and if that is the only mode of reduction allowed in law, then there can be no recovery in this instance, for the reduction is not the result of actual payments in money made on account of the claim.

" In Collins v. Collins, 37 Pa., p. 387, an authority never questioned, so far as I have seen, and which is relied upon by the defendant as sustaining the defence, while it holds that the case as therein presented was not within the jurisdiction of the justice, and exceeded the sum of $100, it yet says this : ' True it is that plaintiff may sue before a justice for less than $100, although his claim originally exceeded that amount. Where there have been mutual dealings or partial payments on account, and the balance is under $100 (now $300), the jurisdiction has

been often sustained. . . . The result of the authorities seems to be that where the plaintiff's claim, however large, has been reduced to or below $100 (now $300) by direct payments or by dealings that amount to or are admitted to be actual payments, the justice has jurisdiction. But where the plaintiff's claim has not been reduced by payments to the statutory standard, he cannot give the justice jurisdiction by remitting part and suing for the balance.'

" I take it to be the law that the claim can be reduced to an amount within the jurisdiction of the justice by either ' direct payments' or by ' dealings that amount to, or are admitted to be, actual payments.'

" Mutual dealings are evidenced by mutual accounts, and accounts are mutual when each party makes charges against the other in his books for property sold, services rendered, money advanced, etc., as for rent due. And I see no reason why an account rendered therefor cannot be accepted and admitted as a payment by the party against whom the same is rendered. A credit of the character allowed in reduction of plaintiff's claim is certainly not fictitious or made without the assent of the defendant, or for the mere purpose of gaining jurisdiction. By rendering a bill of items for his claim where mutual dealings exist, the defendant has practically said to the plaintiff: I demand credit for the several items as per bill rendered; and if the plaintiff accepts or admits as correct any or all of the items of the bill so rendered, I see nothing in the law which forbids the plaintiff from accepting as payments on his claim the items of claim so presented and admitted by both parties to be correct, and to that extent reduce his claim. I can see no objection to his so doing before suit brought, any more than there could be to the allowance of the credits after suit brought and upon trial. The course thus pursued could not be said to be a ' device' resorted to for the purpose of obtaining jurisdiction before the justice. It was simply a recognition by the plaintiff of a lawful counterclaim by defendant in their dealings with one another, which amounted to and was admitted to be an actual partial payment of plaintiff's claim against the defendant.

" The ' sum demanded' before the justice did not exceed his jurisdiction, and the statute of limitation at the time the suit

was instituted has not barred the claim for rent to the amount recovered in the trial in court.

"Under the facts of the case, I am of the opinion that the plaintiff's claim was within the jurisdiction of the justice, and was not barred by the statute of limitations."

Judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–5) instructions, quoting points, answers and portion of charge as above.

*John D. Brown, A. M. Brown* with him, for appellant, cited: Collins v. Collins, 37 Pa. 387; Peter v. Schlosser, 81 Pa. 439; Stroh v. Ulrich, 1 W. & S. 57; Bower v. McCormick, 73 Pa. 427; James v. Frick, 3 W. N. 291; Lucas Coal Co. v. Struble, 3 Lanc. L. R. 300; O'Connell Bros. v. National Bank of Kennett Square, 2 Chest. Co. R. 296; Moore v. Wait, 1 Bin. 219; Laird v. McConachy, 3 S. & R. 290; Wright v. Guy, 10 S. & R. 227; Township v. Gordner, 109 Pa. 116; Cleadan v. Yeates, 5 Whart. 94; Hoffman v. Dawson, 11 Pa. 280.

*J. P. Crawford, Miller & McBride* with him, for appellee, cited: Bower v. McCormick, 73 Pa. 427; act of March 27, 1713; Purdon's Digest, 1065; Devereux v. Esling, 7 Pa. 383; Mattern v. McDivitt, 113 Pa. 411.

PER CURIAM, January 3, 1893:

This suit originated before a justice of the peace, and came into the court below upon an appeal. The principal ground of defence was that the justice had no jurisdiction. This position, if properly taken, would necessarily oust the jurisdiction of the court. It is settled law that if the amount in controversy exceeds the jurisdiction of the justice, the court has no jurisdiction upon appeal.

The transcript of the alderman shows that the claim before him was for $195.32, for which amount judgment was given in favor of the plaintiff. In the plaintiff's statement and affidavit of claim, filed in the court below, the plaintiff claimed the sum of $210.32 with interest from April 1, 1884. It further shows that this claim was for a balance after deducting certain credits due the defendant. The credits allowed the defendant appear-

ed to have been for matters for which the defendant had rendered bills to the plaintiff, and payment demanded. There is no room for the allegation that the plaintiff had allowed the defendant a fictitious credit in order to bring the case within the jurisdiction of the justice.

The true rule upon this subject may be found in Collins v. Collins 37 Pa. 387, where it was held that a justice has jurisdiction where the claim, however large, is reduced to, or below one hundred dollars by direct payment, or by dealings amounting to and admitted as payments. At the time this decision was given the jurisdiction of the justice was limited to one hundred dollars. It was subsequently increased to three hundred dollars. The balance due plaintiff on this account was within the present jurisdiction of a justice of the peace.

The statute of limitations does not apply for the reason that there was a mutual running account between the parties, and the last item was within six years of the commencement of the suit: Van Swearingen v. Harris, 1 W. & S. 356; Devereux v. Esling, 7 Pa. 383; Mattern v. McDivitt, 113 Pa. 411; Trickett on Law of Limitation, 361.

Judgment affirmed.