## Shufflin et al. *v.* The Duster Contracting Co., Appellant.

*Actions—Magistrates—Actions before—Amount in controversy —Jurisdiction.*

A plaintiff may sue before a justice of the peace for less than three hundred dollars, although his claim originally exceeded that amount. Where there have been mutual dealings and payments on account, and the balance remaining is under three hundred dollars, the magistrate has jurisdiction. The sum demanded is the test of the jurisdiction, and to ascertain such sum the transcript of the justice of the peace, and the narr. on appeal may be examined, and parol testimony may also be received.

Where the mutual dealings between two parties show various payments on, account and balances, and the sum demanded on final accounting is under three hundred dollars, the magistrate has jurisdiction.

Argued April 22, 1921. Appeal, No. 155, April T., 1921, by defendant, from judgment of C. P. Butler Co., Sept. T., 1918, No. 75, on verdict for the plaintiff in the case of Thomas J. Shufflin and W. H. Green, trading and doing business as Shufflin & Green, v. The Duster Contracting Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumption on breach of contract. Before REIBER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $259.69 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion to dismiss the plaintiffs' case, on the ground

that it came into court on an appeal from a judgment of a justice of the peace in a case in which the demand of the plaintiff exceeded three hundred dollars and, therefore, was without the jurisdiction of the justice.

*James M. Galbraith,* for appellant, cited: Wanner v. Zimmerman, 5 D. R. 29; James v. Frick, 3 W. N. C. 291.

*William B. Martin,* for appellee, cited: McFarland v. O'Neil, 155 Pa. 260; Zimmerman v. Snyder, 9 Pa. Superior Ct. 201.

OPINION BY HEAD, J., July 14, 1921:

The plaintiffs began an action before a magistrate to recover $255.12 alleged to be the balance on a book account due and owing by the defendant. It was so proceeded in that a judgment was finally rendered in favor of the plaintiffs for the amount of their claim with costs. The case came into the common pleas on an appeal from that judgment. It was there tried to a conclusion and resulted in a verdict for the plaintiffs upon which judgment was entered and this appeal followed.

The record made by the magistrate and returned to the court contains nothing, in the way of conclusive evidence at least, that the claim was beyond the jurisdiction of the magistrate. The defense relied on in the court below and urged upon this court at the argument was that the plaintiffs' claim was in reality greater than the sum of three hundred dollars; but had been reduced by unwarranted or fictitious credits to the sum we have already stated. The standard by which we are to be guided in the consideration of such a question is thus stated by WOODWARD, J., in Collins v. Collins, 37 Pa. 387: "True it is, that a plaintiff may sue before a justice for less than one hundred dollars, although his claim originally exceeded that amount. Where there have been mutual dealings, or partial payments on account, and the balance is under $100, the jurisdiction has been

often sustained...... The result of the authorities seems to be, that where the plaintiff's claim, however large, has been reduced to or below $100, by direct payments, or by dealings that amount to, or are admitted to be actual payments, the justice has jurisdiction...... The sum demanded is the test of jurisdiction." In McFarland v. O'Neil, 155 Pa. 260, it is said in a Per Curiam: "The true rule upon this subject may be found in Collins v. Collins, 37 Pa. 387," etc. In the case first cited we are told that to ascertain the sum demanded "we look at the transcript of the justice and the narr. on the appeal, and the practice is to receive parol testimony also; and from all these sources to determine the jurisdiction by the matter of fact."

Having seen that the conclusion—that the sum demanded was greater than three hundred dollars—cannot rest upon the record of the magistrate, we turn to an examination of the statement of claim and affidavit of defense in the record of the common pleas. The statement exhibits with great particularity the entire indebtedness claimed to be due from the defendant, in the several items set forth, as $613.59. As against that, it admits the defendant to be entitled to credits by actual payment aggregating $300.94. As to these items of credit there appears to be no dispute whatever. The last item of credit allowed is $65.50, and around this item revolves the entire controversy. In paragraph eight of the statement it is averred, in detail again, at what time and in what manner the plaintiffs received from the defendant the amount of gravel for which, at the rate of $1.23 a ton, they allow credit in the item referred to. When we come to paragraph eight of the affidavit of defense it may be said in the first instance that it amounts to no denial of the accuracy of the plaintiffs' statement. "It is neither admitted nor denied that the amounts of gravel furnished by the plaintiffs to the defendant company were furnished as there stated, and the plaintiffs were called upon to make proof, etc., and for further an-

swer to said paragraph affiant says that the defendant, in addition to the gravel admitted in said paragraph to have been furnished by the defendant to the plaintiffs, furnished to' said plaintiffs the following amounts, to wit," etc.

We are not concerned with any claim the defendant may advance as the basis of a counter indebtedness of the plaintiffs, but we have there what looks amazingly like a flat admission that the defendant had furnished to the plaintiffs at least a quantity of gravel for which credit is given in the plaintiffs' claim. We have therefore a case in which there have been mutual dealings; in which there have been partial payments on account; in which there have been dealings that amount to or are admitted to be actual payments, and in such case it would be hypercritical to say the court below should be reversed because it refused to dismiss the plaintiffs' case and later a motion to set aside the verdict of the jury. We think there is ample in the record, when measured by the standard laid down, to fully support the conclusion that the sum demanded was within the statutory jurisdiction of the magistrate. The assignments of error are dismissed.

Judgment affirmed.