From James L. Schaadt, Allentown, Pa.

---

### Schwartz v. Blicker.

*Jurisdiction, J. P.—Amount involved—Interest.*

1. When a justice of the peace enters judgment for a specific amount and interest from a specified date, which judgment with interest from said date amounts to more than $300, and the transcript is silent as to the amount of the plaintiff's demand, the judgment will be reversed on *certiorari.*

2. The justice's record should set forth the nature and amount of the plaintiff's claim and that the judgment was entered "publicly."

*Certiorari.* C. P. Bucks Co.

*Boyer & Vanartsdalen,* for writ.

*Henry A. James* and *William H. Satterthwaite, Jr.,* contra.

RYAN, P. J., June 14, 1922.—The justice entered judgment for the plaintiff and against the defendant "in the sum of $290 and interest from March 17, 1921, and costs of suit." It should have been for the amount of principal and interest, to wit, $302.61. It is to be presumed that this was the plaintiff's demand, although the record does not state the amount of plaintiff's claim or the nature of the cause of action. "The sum demanded is the test of jurisdiction:" Collins *v.* Collins, 37 Pa. 387. If judgment was entered for the amount of plaintiff's claim, it exceeded the limit of a justice's jurisdiction, which is $300. This record should also have set forth the nature and amount of the plaintiff's claim. We are also of the opinion that it should have stated that the judgment was entered "publicly."

And now, to wit, June 14, 1922, the exceptions are sustained and the judgment of the justice reversed, and judgment is entered for the defendant and against the plaintiff for the costs of this proceeding.