## Wanamaker v. Beamesderfer.

*Practice, C. P.—Justices of the peace—Jurisdiction—Appeal—Amount in controversy—Determination—Consent to jurisdiction—Arrest of judgment—Judgment non obstante veredicto—New trial.*

1. In order to determine whether or not a justice of the peace had jurisdiction, upon an appeal to the Common Pleas, resort may be had to the transcript, to the statement, to the verdict of the jury in the Common Pleas, and even to parol testimony, to ascertain what the claim of the plaintiff was in fact.

2. A plaintiff's claim, however large, may be reduced by direct payments or by dealings that amount to payments, but the plaintiff cannot deliberately remit certain items of his claim so as to get within the jurisdiction.

3. If the justice did not have jurisdiction of the plaintiff's cause of action, the Court of Common Pleas will not have jurisdiction on appeal, and the want of it may be raised as an objection at any time. The plaintiff cannot bring himself within the jurisdiction by allowing a set-off or counter-demand. Consent will not give jurisdiction.

4. The fact that the defendant put in a counter-claim or set-off does not estop him from raising the question of jurisdiction.

5. A judgment *non obstante veredicto* is proper only where there has been a request for binding instructions, or where a question of law has been reserved.

6. A motion in arrest of judgment is in the nature of a demurrer and must be tried by the record, but on such motion a judgment cannot be entered for the defendant. The verdict must be set aside or judgment arrested.

7. A new trial will not be granted where, upon trial, the court would have to direct a judgment for defendant; but judgment will be arrested where, after verdict, it appears the court was without jurisdiction.

Motion in arrest of judgment and for new trial. C. P. Dauphin Co., Jan. T., 1922, No. 81.

*W. K. Meyers*, for motion; *Metzger & Wickersham*, contra.

HARGEST, P. J., April 6, 1923.—This case arises on an appeal from the judgment of a justice of the peace. The transcript shows that the plaintiff claimed damages for the breach of a written agreement, by which the plaintiff was employed to work on the farm of the defendant; that at the hearing, at which the defendant did not appear, plaintiff claimed damages in the sum of $299, and judgment was rendered for the sum of $299. The defendant thereupon took an appeal. The plaintiff then filed in this court a statement of his claim, which consisted of the loss of wages, amounting to $134, the loss of an interest

of 20 per cent. in a crop of tobacco, the loss of some hogs and the value of one-half of a beef. The plaintiff's statement concludes: "That by reason of the aforesaid breaches, the plaintiff has been damaged in the sum of $299, to recover which sum this suit is brought." The defendant filed an affidavit of defence denying the claims of the plaintiff, and setting up a counter-claim of $600 loss because of the negligent, careless and indifferent farming of the plaintiff and the removal by the plaintiff from the premises of the defendant of personal property belonging to the defendant.

At the trial, the plaintiff produced evidence of his damages, without objection on the part of the defendant, to the total sum of about $832, and evidence was offered on the part of the defendant of his counter-claim without any objection by the plaintiff.

### Discussion.

The questions raised are (1) whether, in view of the evidence and the verdict for $464.19, the alderman had any jurisdiction; (2) whether, by reason of the set-off claiming $600, the jurisdiction of the Common Pleas was enlarged; (3) whether the defendant is now estopped from raising the question of jurisdiction.

1. In considering the question of jurisdiction, we must inquire *(a)* how the jurisdiction is to be determined; and *(b)* whether the plaintiff can remit part of his claim to bring himself within the justice's jurisdiction.

The transcript of the justice and also the statement of claim filed in this court show the claim of the plaintiff to be $299. The verdict is for $464.19. Is the test of the justice's jurisdiction the amount stated in the transcript or in the statement, or is the verdict conclusive of the amount of the claim?

In Shufflin *v.* Duster Contracting Co., 77 Pa. Superior Ct. 193, 194, it is said: "The record made by the magistrate and returned to the court contains nothing, in the way of conclusive evidence at least, that the claim was beyond the juirsdiction of the magistrate. The defence relied on in the court below and urged upon this court at the argument was that the plaintiff's claim was in reality greater than the sum of $300, but had been reduced by unwarranted or fictitious credits to the sum we have already stated. The standard by which we are to be guided in the consideration of such a question is thus stated by Woodward, J., in Collins *v.* Collins, 37 Pa. 387: 'True it is that a plaintiff may sue before a justice for less than $100, although his claim originally exceeded that amount. Where there have been mutual dealings, or partial payments on account, and the balance is under $100, the jurisdiction has been often sustained. . . . The result of the authorities seems to be that where the plaintiff's claim, however large, has been reduced to or below $100 by direct payments, or by dealings that amount to, or are admitted to be, actual payments, the justice has jurisdiction. . . . The sum demanded is the test of jurisdiction.' In McFarland *v.* O'Neil, 155 Pa. 260, it is said in a *per curiam:* 'The true rule upon this subject may be found in Collins *v.* Collins, 37 Pa. 387,' etc. In the case first cited we are told to ascertain the sum demanded 'we look at the transcript of the justice and the *narr.* on the appeal, and the practice is to receive parol testimony also, and from all these sources to determine the jurisdiction by the matter of fact.'"

Speaking of the justice's jurisdiction, it is said in McCloskey *v.* McConnell, 9 Watts, 17, 18: "And by what is it to be measured? Undoubtedly by the damages laid in the declaration, where there is no other standard; or in a case like the present, by the demand stated in the justice's docket. This rule rests upon the authority of Ancora *v.* Burns, 5 Binn. 521; Hancock *v.* Barton, 1 S.

& R. 269; and Bazire v. Barry, 3 S. & R. 461." See, also, McFarland v. O'Neil, 155 Pa. 260.

If there were no amount set out in the transcript or the declaration, the verdict might be conclusive that the action was either erroneously brought or improperly prosecuted: Linton v. Vogel, 98 Pa. 457; Collins v. Collins, 37 Pa. 387, 389, 390; Darrah v. Warnoch, 1 P. & W. 21.

In Hoffman v. Dawson, 11 Pa. 280, it is held: "Where the demand before the justice was within his jurisdiction, but, upon appeal, a declaration was filed for a sum beyond that, it was not error in the court below to refuse to quash the appeal after an award of arbitrators." See, also, Greenawalt v. Shannon, 8 Pa. 465.

In the last two cited cases, however, while the declaration claimed a sum in excess of the justice's jurisdiction, the awards were within it.

From the foregoing authorities we conclude that resort may be had to the transcript, to the statement, to the verdict, and even to parol testimony, to ascertain what the claim of the plaintiff was in fact. From these authorities it is also clear that a plaintiff's claim, however large, may be reduced by direct payments or by dealings that amount to payments, but the plaintiff cannot deliberately remit certain items of his claim so as to get within the jurisdiction.

In Collins v. Collins, 37 Pa. 387, the claim, according to the transcript, was $99.50. The justice gave judgment for $36.26, whereupon the defendant appealed. A verdict was found in favor of the plaintiff for $146. The plaintiff offered to release the excess over $100, which defendant's counsel refused to accept, and thereupon moved for a new trial. On the argument, this rule was refused, but a rule was entered on the plaintiff to show cause why the verdict should not be set aside and the cause dismissed for want of jurisdiction, and this rule was made absolute. The court, after examining the testimony, said, in addition to what has been quoted in Shufflin v. Duster Contracting Co., 77 Pa. Superior Ct. 193: "How can we doubt, with these facts staring us in the face, that the plaintiff's demand exceeded $100. . . . But where the plaintiff's claim has not been reduced by payments to the statutory standard, he cannot give the justice jurisdiction by remitting part and suing for the balance. And when the demand is within the jurisdiction of the justice, it is not fatal to the appeal that a sum beyond his jurisdiction is laid in the declaration. . . . If it appear that the plaintiff's demand really exceeded $100, and that he involved the justice in litigation beyond his jurisdiction by remitting the excess, it is of great importance to declare against the jurisdiction, else the defendant's right may be sacrificed before he is aware of it."

In Stroh v. Uhrich, 1 W. & S. 57, it was held that a plaintiff could not bring himself within the jurisdiction by allowing a set-off or counter-demand.

In Deihm v. Snell, 119 Pa. 316, 324, it is held that if the justice did not have jurisdiction of the plaintiff's cause of action, the Court of Common Pleas will not have jurisdiction on appeal, and the want of it may be raised as an objection at any time: Laird v. McConachy, 3 S. & R. 290.

Consent will not give jurisdiction: Collins v. Collins, 37 Pa. 387; Hazard's Estate, 253 Pa. 447; Morrison v. Weaver, 4 S. & R. 190; Stoy v. Yost, 12 S. & R. 385; 15 Corpus Juris, 802; 12 Am. Ency. of Pl. & Pr., 188.

In Linton v. Vogel, 98 Pa. 457, 459, it is said: "While it is true, in a certain sense, that on appeal from the judgment of a justice the proceedings are *de novo*, it is well settled that the cause of action cannot be changed, nor can the demand be increased beyond the limit of the justice's jurisdiction, except so far as to embrace interest which has accrued since the institution

of the suit:" Shaw v. Squires, 153 Pa. 150; McIntire v. McElduff, 1 S. & R. 19, 21.

In the case just cited the plaintiff's claim before the justice was for $75, for which sum he obtained judgment. The defendant appealed. In his declaration in the Common Pleas he laid his damages at $500 and proceeded to trial without amending the declaration. He introduced testimony to prove the allegations and items of damage exceeding in the aggregate the jurisdiction of the justice. A verdict was rendered in his favor for $140. The court said (page 460) : "The plaintiff in error could not be thus called upon to defend against the claim of damages, the items of which, in the aggregate, as shown by the testimony as well as the verdict, greatly exceeded the jurisdiction of the court on appeal. He was not bound to anticipate or defend against such excessive claim, nor would the court have been justified in entering judgment on the verdict as rendered. The result was a mistrial and the verdict should have been set aside or judgment arrested; but, after verdict, the court permitted the plaintiff to amend by striking out $500 and inserting $100 as damages, and then, upon his remitting all of the verdict in excess of $100, judgment was entered for that amount. In this we think there was error. . . . If the declaration had been amended before or during the trial, and the testimony as to the damages had been kept within proper bounds, we would not feel disposed to disturb the judgment, but, as it is, we are of opinion that it cannot be sustained."

However, a *venire facias de novo* was awarded, and the Supreme Court did not take the position that no judgment could be entered because the justice did not originally have jurisdiction.

The plaintiff definitely claimed a loss of wages amounting to $134 in the statement, and $180 on the trial. He also claimed that the defendant requested him to sell his hogs and promised to purchase for the plaintiff other fattened hogs, whereby he sustained a loss, the amount of which is not stated in the declaration, but which the evidence shows to be $100. The plaintiff also claimed an interest of 20 per cent. of the selling price of five acres of tobacco, the amount of which was not stated in the declaration, but which, according to the evidence, amounted to $400. He further claimed one-half of a beef, which the evidence shows amounts to $32, although the amount was not stated in the declaration. On the trial, evidence was offered, without objection, of a claim for loss of horse feed, amounting to $60, and for loss of cow feed, also amounting to $60, which items were based on the contract alleged to have been broken, but for which there was no claim in the statement. These items amount, in the aggregate, to $832. It is significant that the claim before the justice and in the concluding paragraph of the statement was $299, just one dollar below the justice's jurisdiction. We say, therefore, as was said in Collins v. Collins, 37 Pa. 387, "how can we doubt, with these facts staring us in the face, that the plaintiff's demand exceeded" $300.

2-3. But it is contended that, inasmuch as a set-off is a cross-action (Gunnis, Barritt & Co. v. Cluff, 111 Pa. 512), and a defendant is not restricted to a set-off relied on before the justice of the peace (Tate v. Tate, 2 Grant, 150), that when the defendant, in his affidavit of defence, put in a counter-claim or set-off amounting to $600, he thereby became estopped from raising the question of jurisdiction. This amounts to a contention that the defendant consented to the jurisdiction, which, as we have already seen, he cannot do. On the trial, there was no objection whatever by the defendant to the evidence of the plaintiff which showed his damages to be much in excess of $300. Nor was there any objection by the plaintiff to the evidence of the defendant's counter-claim

3 D. & C.

on that ground. The first objection which in any way raised the question of jurisdiction, or that the verdict should be limited to $300, came on the motion for a new trial.

Notwithstanding it is held in Boone v. Boone, 17 S. & R. 386, that where a plaintiff appeals from the judgment of a justice, the defendant may present a counter-claim and obtain a judgment in court for a sum exceeding the jurisdiction of the justice, that case was decided without any reference whatever to the Act of March 20, 1810, 5 Sm. Laws, 161. It is now definitely settled, however, that "on appeal to the Court of Common Pleas from the judgment of the justice, a defendant may plead and give evidence of a set-off not exceeding $300:" Lyons v. Barnett, 79 Pa. Superior Ct. 352; Collins v. Collins, 37 Pa. 387; Holden v. Wiggins, 3 P. & W. 469, 472.

It is, therefore, apparent that the set-off of $600 was improper. The plaintiff might have raised the question at the trial, but his failure to raise the question then certainly does not estop the defendant from raising the preliminary question of the plaintiff's original jurisdiction. The plaintiff was the first actor. He selected the tribunal. He brought the defendant into that court. If he selected a tribunal which had no jurisdiction, the fact that the defendant set up all the claim he thought he had, even though it was more than he could lawfully set up, does not amount to an acquiescence in the jurisdiction; but if it did, as we have already said, it would not prevent him from raising the question even after the trial.

In Shufflin v. Duster Contracting Co., 77 Pa. Superior Ct. 193, 196, it is said, in discussing the question of jurisdiction on appeal from the justice of the peace: "We are not concerned with any claim the defendant may advance as the basis of a counter-indebtedness of the plaintiff's."

The cases from other jurisdictions cited by plaintiff's counsel to the effect that by setting up a counter-claim the defendant becomes a plaintiff and invokes the jurisdiction of the court, and is thereby estopped from raising the question of jurisdiction, are of no assistance, because they run directly counter to the settled law of this State that the question of jurisdiction can be raised at any time. Nor does the case of Fiscle v. Kissinger, 53 Pa. Superior Ct. 453, apply. In that case it was held that, notwithstanding the transcript of the justice shows no jurisdiction, if the defendant goes to trial on the merits, he cannot, after a verdict against him, arrest the judgment on the ground that the transcript showed no cause of action. There was no question in the case that the justice did not have jurisdiction of the claim if properly pleaded, but only that the record did not show it. Here the question goes to the proposition that the justice could not acquire jurisdiction, no matter what the record might show, because the claim was entireily outside of his jurisdiction. Nor does the case of Pasquinelli v. Southern Macaroni Manuf. Co., 272 Pa. 468, 481, apply. There the question was the trial of issues within the jurisdiction, but not properly pleaded, and did not involve a right to raise the question of jurisdiction.

The defendant's motion is "in arrest of judgment and for a new trial." The plaintiff contends that the questions were not properly raised by motion for a new trial, but should have been raised by a motion for judgment *non obstante veredicto*.

It is well settled that a judgment *non obstante veredicto* is proper only where there has been a request for binding instructions, or where a question of law has been reserved: Hobel v. Mahoning & Shenango Railway and Light Co., 233 Pa. 450; Act of April 22, 1905, P. L. 286. A motion in arrest of judgment is in the nature of a demurrer and must be tried by the record

(23 Cyc., 834; Skinner v. Robeson, 4 Yeates, 375), but on motion in arrest of judgment there cannot be a judgment entered for the defendant: Kauffman v. Kauffman, 2 Whar. 139, 147.

In Linton v. Vogel, 98 Pa. 457, 460, in a case involving the same questions as here decided, the Supreme Court said "the verdict should have been set aside or judgment arrested."

It would be vain to grant a new trial because the court, on the trial, would have to direct a judgment for defendant. We think, therefore, that this is a case in which the judgment on the verdict can be properly arrested.

Now, April 5, 1923, the verdict in favor of the plaintiff is hereby set aside and judgment arrested, at the costs of the plaintiff.

From William Jenkins Wilcox, Harrisburg, Pa.