## Commonwealth v. Angelo.

*Criminal law—Automobiles—Reckless driving—Justice of the peace—Jurisdiction—Acts of June 30, 1919, May 16, 1921, and June 14, 1923.*

1. The proviso of section 31 of the Act of June 14, 1923, P. L. 740, that section 19 of the Act of June 30, 1919, P. L. 689, as amended by section 8 of the Act of May 16, 1921, P. L. 582, shall remain in full force until Jan. 1, 1924, and that section 16 of the Act of June 14, 1923, shall be in full force after Jan. 1, 1924, means that the permissive speed of motor-vehicles, as regulated by section 8 of the Act of 1921, shall remain unchanged until Jan. 1, 1924, and that thereafter section 16 of the Act of 1923 shall regulate the speed of motor-vehicles.

2. Any justice of the peace of a county has jurisdiction to take cognizance of the offence of recklessly driving an automobile, where the offence has been committed prior to Jan. 1, 1924.

Appeal by defendant from summary conviction. Q. S. Westmoreland Co., Feb. Sess., 1924, No. 97.

*Thomas G. Taylor*, Assistant District Attorney, for Commonwealth.

*James L. Kennedy*, for defendant.

Whitten, J., Jan. 31, 1924.—The defendant was found guilty of operating, Dec. 9, 1923, an automobile upon a public highway recklessly, and sentenced to pay a fine of $10 and costs.

At the hearing in court upon defendant's appeal from the judgment of the justice of the peace, it was shown that the offence charged in the information occurred in Hempfield Township, and that the justice of the peace before whom the defendant was convicted was exercising the office of justice of the peace in the Borough of Greensburg. Hence, the defendant's learned counsel moved the court to discharge the defendant, alleging that the said justice had no jurisdiction in the premises.

If it were shown that the justice of the peace had not jurisdiction of the cause of action, it would have been the duty of the court, upon appeal, to discharge the defendant: Collins *v.* Collins, 37 Pa. 387.

However, we are not convinced that the said justice was without jurisdiction.

Section 19 of the Act of June 30, 1919, P. L. 689, reads, *inter alia*, as follows: "No person shall operate a motor-vehicle on the public highways of the State recklessly, or at a rate of speed greater than is reasonable and proper,

Commonwealth v. Angelo.

having regard to the width, traffic and use of the highway, or so as to endanger property or life or limb of any person."

Precisely the same provision is repeated in section 8 of the Act of May 16, 1921, P. L. 598, and in section 16 of the Act of June 14, 1923, P. L. 740.

The manner of prosecuting violators of the above statute is pointed out in section 14 of the Act of 1921 (amending section 29 of the Act of 1919). Section 14 of the said Act of 1921 reads in part as follows: "All informations for offences defined in this act, committed by motor-vehicle owners or operators, shall be brought under this act, and not under any local ordinance, rule or regulation, and all such informations shall be made before . . . a justice of the peace within the city, borough, incorporated town or township wherein such offence is alleged to have occurred, except in the case of misdemeanors, when the information shall be made in the county wherein the offence is alleged to have occurred."

However, section 14 of the Act of 1921 is amended by section 25 of the Act of 1923, so as to give any justice of the peace within the county jurisdiction to take cognizance of violations of section 19 of the Act of 1919.

Section 31 of the Act of 1923 contains the following: "The provisions of this act, except as hereinafter provided, shall be in force from and after the date of its approval: Provided, however, that sections . . . 19 . . . of the Act of . . . 1919, as amended by sections . . . 8 . . . of the Act . . . of 1921, shall be and remain in full force and effect until the first day of January, 1924; and the amendments to said sections, that is, sections . . . 16 . . . of this act, shall be in full force and effect from and after Jan. 1, 1924."

Section 19 of the Act of 1919 (amended by section 8 of the Act of 1921, again amended by section 16 of the Act of 1923), in addition to the embargo against driving an automobile recklessly upon a public highway, also regulates the speed of the various classes of motor-vehicles. As above stated, the proviso contained in section 19 of the Act of 1919, forbidding the driving of automobiles recklessly, remains unchanged in the amending Acts of 1921 and 1923. However, numerous other provisions of section 19 of the Act of 1919 (as amended by section 8 of the Act of 1921) are changed by section 16 of the Act of 1923.

Therefore, the proviso in section 31 of the Act of 1923—that section 19 of the Act of 1919, as amended by section 8 of the Act of 1921, "shall be and remain in full force and effect until the first day of January, 1924," and that section 16 of the Act of 1923 "shall be in full force and effect from and after Jan. 1, 1924"—means that the permissive speed of motor-vehicles, as regulated by section 8 of the Act of 1921, shall remain unchanged until Jan. 1, 1924; and that thereafter section 16 of the Act of 1923 shall regulate the speed of the various motor-vehicles.

The provisions of section 25 of the Act of 1923, in so far as they relate to the instant case, became effective June 14, 1923, the date of the approval of said statute. It follows that the objection to the jurisdiction of the justice of the peace must be overruled.

Three witnesses were called by the Commonwealth and five by the defendant. Sidney Willar testified that he and the defendant were driving automobiles in opposite directions upon the Lincoln Highway, and that when he saw the defendant's automobile was skidding as it approached him, and was being operated recklessly, he drove his automobile close to the ditch on the right-hand side and stopped; that while his car was thus standing, the defendant's car approached at a high rate of speed and struck his (Willar's) car with great force. Two witnesses corroborated the testimony of Willar.

The defendant and four other occupants of his automobile gave testimony to the effect that the defendant's automobile had come to a stop when it was struck by Willar's automobile, and asserted that Willar was at fault. However, all these witnesses admitted that the defendant's car was "skidding" and that the defendant had lost control thereof. Two of these witnesses admitted that when the collision occurred, Willar's car was close to the edge of the road on the right-hand side.

Giving the defendant the benefit of a reasonable doubt, the court hesitates to convict him of the offence of operating his automobile recklessly. On the other hand, the court is constrained to believe that the collision was due to the defendant's failure to control his automobile while operating it upon the public highway, and, therefore, that the defendant should pay the costs.

### Decree.

And now, Jan. 31, 1924, after hearing the testimony of witnesses and arguments of counsel, and upon due consideration, it is ordered that the defendant be discharged upon payment of the costs.

From William S. Rial, Greensburg, Pa.